# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| **ILLINOIS CENTRAL RAILROAD COMPANY** | **PLAINTIFF** |
| VS. | CASE NO. 5:06-cv-160 DCB-JMR |
| **WILLIE R. HARRIED a/k/a WILLIAM ROY HARRIED, and WILLIAM S. GUY and THOMAS W. BROCK** | **DEFENDANTS** |
| and | |
| **ILLINOIS CENTRAL RAILROAD COMPANY** | **PLAINTIFF** |
| VS. | CASE NO. 5:07-cv-18DCB-JMR |
| **WARREN R. TURNER, ET AL.** | **DEFENDANTS** |

## SECOND MOTION OF DEFENDANTS GUY AND BROCK TO COMPEL DISCOVERY

COME NOW William S. Guy and Thomas W. Brock ("Guy/Brock") and move the Court to compel Illinois Central Railroad Company ("Illinois Central") to produce documents and answer questions relevant to its investigation of the claims of Willie Harried and Warren Turner in the case of *Eakins v. Illinois Central Railroad Company*.

### Introduction

This Second Motion to Compel addresses Illinois Central's refusal to permit discovery of information and documents arising after the dates of the Turner and Harried settlements

in *Eakins*. Illinois Central takes the position that information or documents created after those dates are irrelevant to its fraud claim against Guy/Brock.

Guy/Brock have filed a motion for summary judgment based on the statute of limitations. [*Harried* Document #99; *Turner* Document #73] Turner settled with Illinois Central in November 2002; and Harried settled in December 2003. Illinois Central waited until 2008 to sue Guy/Brock for alleged fraud in these settlements. As set forth in Guy/Brock's memorandum brief in support of summary judgment, filed on December 8, 2008 [*Harried* Document #100; *Turner* Document #74], there is overwhelming proof that Illinois Central has been on notice of a possible claim against Guy/Brock since late 2003. Illinois Central, however, should not be allowed to shield even more evidence relevant to Guy/Brock's defense by objecting to production if the information or document was created <u>after</u> the Turner/Harried settlements. What Illinois Central knew between 2002 and 2008 is directly relevant to Guy/Brock's statute of limitations defense.

### Argument

Guy and Brock address the specific discovery requests in issue below.

1.  **TURNER INTERROGATORY NO. 10:** Please identify when you created a database containing plaintiff-lawsuit information, who maintains the database, where it is maintained, how many plaintiff names are included therein, and the purpose for said database.

    **ILLINOIS CENTRAL RESPONSE:** Illinois Central objects to this request, to the extent that it pertains to the time period after Turner's settlement in *Eakins*, as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of information relevant to the claims and

defenses in this action. Illinois Central further objects to this request on the grounds that it seeks information protected by the attorney-client or work product privilege.

Subject to and without waiving these objections, Illinois Central did not create any such database prior to the date of Turner's settlement.

**GUY AND BROCK ARGUMENT**: The information requested in this interrogatory is directly relevant to Guy/Brock's statute of limitations defense. Illinois Central's only claim in these lawsuits is that Guy/Brock knew that Turner and Harried were plaintiffs in a very large (3600-plaintiff) Jefferson County asbestos case called *Cosey* which was filed in 1995 by Attorney Bob Pritchard, and that this information was not disclosed to Illinois Central prior to settlement. As early as 2003, however, Illinois Central had discovered that a Guy/Brock claimant named Fred Tyler had been in *Cosey*. Upon learning this information, Guy/Brock voluntarily dismissed him from the *Eakins* litigation. At that time, Illinois Central and the five law firms representing it in *Eakins* were on notice to check the *Cosey* complaint to see if there were other Guy/Brock claimants who were in *Cosey*, and apparently Illinois Central did just that. A lawyer for Illinois Central, Thomas Peters, testified in a September 2008 deposition that Illinois Central developed a database to locate other claimants who were in *Cosey*. Mr. Peters observed that lawyers and consultants for Illinois Central "uncovered other cases as they started building the database." (Exhibit 1, Peters' deposition at 97, 175, 184, 185, 186, 187, 188, 196.)

3

This database, when it was created, and what information regarding Guy/Brock claimants was developed through its use, is relevant to Guy/Brock's statute of limitations defense.

2. **TURNER AND HARRIED REQUEST FOR PRODUCTION NO. 1:** Produce all documents and information in the possession of Illinois Central Railroad Company, Canadian National Railway Company, any attorney or law firm, any nurse, any medical consultant, any investigator, any adjustor, or other person employed by Illinois Central Railroad Company and/or Canadian National Railway Company that refer to, or are related in any way to the claims of Warren Turner/Willie Harried in the *Eakins* lawsuit.

   **ILLINOIS CENTRAL RESPONSE:** Illinois Central Railroad Company ("Illinois Central") objects to this request on the grounds that "information," other than information contained within responsive documents, is not a proper component of a document request. Illinois Central further objects to this request, to the extent that it pertains to the time period after Turner's settlement in *Eakins* or to aspects of Turner's claim in *Eakins* that do not relate to the alleged fraud at issue in this action, as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of information relevant to the claims and defenses in this action. Illinois Central further objects to this request to the extent that it seeks documents protected by the attorney-client or work product privilege, and to the extent that it is duplicative of other and/or prior requests to which Illinois Central has responded.

   Subject to and without waiving these objections, responsive documents maintained on file by Illinois Central/Canadian National Railway Company, and responsive documents in the possession of Illinois Central/Canadian National Railway Company or the above-specified agents during the period August 9, 2001 (the filing of Turner's claim in *Eakins*) through December 2002 (the settlement of Turner's claim in *Eakins*), have been produced or are identified on the privilege log.

   **GUY AND BROCK ARGUMENT:** This request seeks any documents in the possession of Illinois Central which relate to the claims of Warren Turner and Willie Harried

4

in *Eakins*. Illinois Central objects to producing any documents for the time period after Turner's 2002 settlement and after Harried's 2003 settlement in *Eakins*. Illinois Central did not sue Guy/Brock until 2008. Documents in the possession of Illinois Central which pertain to Turner's and Harried's claims in *Eakins* are central to Guy/Brock's statute of limitations defense, even if created after settlement. Upon information and belief, Illinois Central checked court files and developed a database to house the collected information in 2003/2004. (See Harried Billing Detail, Exhibit 2 hereto: "10/01/03 Database Costs . . . Jefferson County, Mississippi Upper Court civil record review re: Harried, Willie.") What and when Illinois Central knew about Turner's and Harried's involvement in *Cosey* is relevant to the Guy/Brock defense.

3. **TURNER and HARRIED REQUEST FOR PRODUCTION NO. 2:**
   Produce all documents related to any evaluation or investigation by you of the claims of Warren Turner/Willie Harried in the *Eakins* case.

   **ILLINOIS CENTRAL RESPONSE:** Illinois Central objects to this request, to the extent that it pertains to the time period after Turner's settlement in *Eakins* or to aspects of Turner's claim in *Eakins* that do not relate to the alleged fraud at issue in this action, as overly broad, unduly burdensome, and not reasonable calculated to lead to the discovery of information relevant to the claims and defenses in this action. Illinois Central further objects to this request to the extent that it seeks documents protected by the attorney-client or work product privilege, and to the extent that it is duplicative of other and/or prior requests to which Illinois Central has responded.

   Subject to and without waiving these objections, response documents have been produced or are identified in the privilege lot.

5

**GUY AND BROCK ARGUMENT:** See argument in support of Request for Production No. 1.

4. ***TURNER* REQUEST FOR PRODUCTION NO. 3**: Produce all documents which refer to, mention, or relate to the August 6, 2002, settlement agreement.

   **ILLINOIS CENTRAL RESPONSE:** Illinois Central objects to this request on the grounds that it is overly broad and unduly burdensome and to the extent that it seeks information that is not reasonably calculated to lead to the discovery of information relevant to the claims and defenses in this action. Illinois Central further objects to this request to the extent that it seeks documents protected by the attorney-client or work product privilege, and to the extent that is duplicative of prior requests.

   Subject to and without waiving these objections, correspondence relating to the August 6, 2002 settlement agreement has been produced or is identified on the privilege log. Illinois Central will produce additional documents, if any, that discuss the statute of limitations defense or the parties' duties and obligations under the agreement before the settlement of Turner's claim.

   **GUY AND BROCK ARGUMENT:** This request seeks all documents pertaining to the August 6, 2002, settlement agreement between Guy and Brock and Illinois Central in the *Eakins* litigation. Illinois Central refuses to produce documents after the date of settlement of Turner's claim (2002). These documents, however, are relevant to Guy/Brock's statute of limitations defense and to its defense of the fraud claim generally. Illinois Central's continued understanding of its duties and obligations under the settlement agreement is relevant to whether Illinois Central reasonably relied on Guy/Brock in settling

these cases, or whether Illinois Central relied on other factors, such as the litigation climate in Jefferson County.

5.  **TURNER REQUEST FOR PRODUCTION NO. 8 and HARRIED REQUEST FOR PRODUCTION NO. 9:** Produce all documents that relate to any efforts made by you to determine if Turner/Harried or any other plaintiff in *Eakins* had ever filed a prior asbestos claim.

    **ILLINOIS CENTRAL RESPONSE:** Illinois Central objects to this request on the grounds that it is vague and unduly burdensome. Illinois Central further objects to this request, to the extent that it pertains to the time period after Turner's settlement in *Eakins* or to other *Eakins* claimants, as overly broad and not reasonably calculated to lead to the discovery of information relevant to the claims and defenses in this action. Illinois Central further objects to this request to the extent that it seeks documents protected by the attorney-client or work product privilege, and to the extent that it is duplicative of prior requests.

    Subject to and without waiving these objections, Illinois Central has produced responsive documents as to Turner, which consist of the *Eakins* Settlement Agreement and documents generated under the process specified in the Agreement whereby claimants and their counsel Guy and Brock committed to act in good faith to provide complete and accurate information to the best of each claimant's ability about other asbestos claims the claimant had filed and other asbestos screenings and diagnoses the claimant had received, and to provide authorizations to enable Illinois Central to obtain the records of all health care practitioners who had treated or examined the claimant. Illinois Central reasonably believed then that the responses provided by Turner and his counsel in the sworn Interrogatory Responses about other asbestos claims and screenings/diagnosis was truthful and accurate, and the records produced by the health care practitioners identified by Turner and Guy and Brock, his counsel in *Eakins* contained no facts to suggest to the contrary.

    **GUY AND BROCK ARGUMENT:** Guy/Brock seek documents relating to Illinois Central's efforts to determine if Turner, Harried or any other *Eakins* plaintiff had ever filed

7

a prior asbestos claim, and when Illinois Central made such effort. Illinois Central objects to producing documents for the time period after Turner's and Harried's settlement in *Eakins*, and as to other *Eakins* claimants. Upon information and belief, Illinois Central checked court files and developed a database of that information in 2003/2004. (See Harried Billing Detail, Exhibit 2 hereto: "10/01/03 Database Costs . . . Jefferson County, Mississippi Upper Court civil record review re: Harried, Willie.") What it learned and when is relevant to Guy/Brock's statute of limitations defense.

**Motion to Compel Documents Which Support Illinois Central's Claim for Damages**

6. ***HARRIED* REQUESTS FOR PRODUCTION NOS. 4 and 5:** Produce all documents which support your claim for damages as set forth in Paragraphs 62 and 63 of the Amended Complaint, specifically, but not limited to, any and all bills and invoices evidencing attorneys' fees and expenses incurred.

   **ILLINOIS CENTRAL RESPONSE:** Illinois Central objects to [these Requests] to the extent that [they seek] documents protected by the attorney-client or work product privilege. Subject to and without waiving these objections, please see response to Request No. 3 above.

   **GUY AND BROCK ARGUMENT:** Illinois Central alleged in its Amended Complaint that it is "entitled to attorney fees and expenses incurred in defending against Harried's previous claim against Illinois Central asserted in the Eakins Complaint." (Amended Complaint, ¶ 62.) In addition, Illinois Central also alleged that it is "entitled to attorney fees and expenses incurred in prosecuting **this** lawsuit from the filing of the

Complaint until the collection of any judgment." (Amended Complaint, ¶ 63.) (Emphasis added.)

Illinois Central has represented that it is withdrawing its claim for damages as set forth in Paragraph 62 of the Amended Complaint (*i.e.*, attorneys' fees and expenses incurred in defending the *Eakins* litigation). Regardless, Guy/Brock have a pending motion to compel attorney bills and invoices because they are relevant to what Illinois Central counsel did in due diligence review of both Harried and Turner claims.

Furthermore, Illinois Central has not withdrawn the damages claim made in Paragraph 63 of the Amended Complaint (*i.e.*, attorneys' fees and expenses incurred in prosecuting *Illinois Central v. Harried, et al.*, Cause No. 5:06-cv-160 DCB-JMR). Illinois Central refuses to produce documents supporting its claim for attorney fees and litigation expenses by claiming that the documents are attorney-client privileged and subject to the work product doctrine. Illinois Central made its attorneys' fees and expenses discoverable in this litigation by claiming them as damages. Guy and Brock are entitled to discovery of all available documents related to Illinois Central's expenses and attorneys' fees incurred during this litigation.

**Motion to Compel Privilege Log with Respect to Redacted Documents**

7.   Finally, Illinois Central produced documents Bates-numbered Harried-OTH01-00010 and OTH01-00011 (Exhibit 2) and Harried-OTH01-00008 and OTH01-00009

9

(Exhibit 3). Illinois Central has redacted Exhibits 2 and 3 without identifying on a privilege log the information withheld from production. Guy and Brock should not be required to guess at the origin or date of these documents, general subject matter, custodian, and the basis for the redaction. In addition, Illinois Central should be ordered to identify all redacted documents, as none have been marked as such, and Guy/Brock counsel have been made to "guess" at which documents may have redactions.

## Conclusion

Information after the Turner and Harried settlements is relevant to Guy/Brock's statute of limitations defense. Attorneys' fees and expenses claimed as damages are discoverable. Illinois Central is not entitled to withhold "redacted" information without disclosure on a privilege log. Counsel for Guy and Brock have conferred in good faith with Illinois Central counsel and have been unable to resolve these issues. A Good Faith Certificate is attached as Exhibit 4. Guy and Brock respectfully request that the Court compel the requested discovery.

Respectfully submitted,

WILLIAM S. GUY and THOMAS W. BROCK
By and through their attorneys

_s/ John G. Corlew_
John G. Corlew (MSB #6526)

OF COUNSEL:

John G. Corlew (MSB #6526)
Kathy K. Smith (MSB #10350)
WATKINS & EAGER PLLC
400 East Capitol Street, Suite 300 (39201)
Post Office Box 650
Jackson, MS 39205
Phone: (601) 965-1900
Fax: (601) 965-1901

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Robert Michael Cunningham , II**
mikecunningham07@bellsouth.net,katiejacks01@bellsouth.net

**Wayne Dowdy**
waynedowdy@waynedowdy.com

**William S. Guy**
jguy@guylaw.com,jdaniel@guylaw.com

**Daniel J. Mulholland**
mulhollanddj@fpwk.com,marilynm@fpwk.com

**Prtichard Law Firm, In Receivership**
mikecunningham07@bellsouth.net

**Katherine K. Smith**
ksmith@watkinseager.com,aprisock@watkinseager.com

**Heather J. Wilkins**
wilkinshj@fpwk.com,yeatesev@fpwk.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

None.

                                         s/ John G. Corlew
                                         JOHN G. CORLEW