```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION
```

ILLINOIS CENTRAL RAILROAD COMPANY                              PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 5:06cv160-DCB-JMR

WILLIE R. HARRIED, a/k/a WILLIAM
ROY HARRIED, AND WILLIAM S. GUY
AND THOMAS W. BROCK                                           DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on a Motion for Summary Judgment [**docket entry no. 145**] filed by the defendants William Guy and Thomas Brock ("Guy and Brock"). Defendant Willie R. Harried ("Harried") has also joined the defendants' Motion for Summary Judgment [docket entry no. 152].[1] The factual and procedural history of this case is extensive. The Court has previously set forth the facts of this case in a prior order [docket entry no. 187] on August 6, 2009, which denied Guy and Brock's first motion for summary judgment. Therefore, the Court will not repeat those facts herein.

In the instant motion, the defendants argue that no genuine issue of material fact exists because the plaintiff cannot establish all necessary elements of its fraud claim nor can the plaintiff establish the facts necessary for a breach of duty of good faith and fair dealing claim. Specifically, the defendants argue that the plaintiff did not reasonably rely on their

---

[1] Hereinafter, Guy and Brock and Harried will be known as "defendants."

assertions in settling the Eakin's case and that no fiduciary relationship existed between the parties. Illinois Central filed its response in opposition on August 17, 2009. The defendants filed their rebuttal on July 6, 2009. Having carefully considered the Motion, the plaintiff's responses thereto, defendant's rebuttal, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[2] The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a

---

[2] "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate Partnership v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted).

properly supported summary judgment motion, the burden shifts to the non-moving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 252. The non-movant must instead come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is properly rendered when the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

## II. ANALYSIS

*1. Fraud Claim*

Under Mississippi law, to succeed on a claim of fraud, the plaintiff must show that there was "(a) a material false representation, (b) the representation is known by the speaker to be false, (c) the representation is made with an intent to induce

3

the unwitting hearer to act in reliance thereon, (d) the hearer does, in fact, act to his detriment in reasonable reliance on the false representation, and (e) the hearer suffers a consequent injury based on such reliance." McGee v. Swarek, 733 So.2d 308, 312 (Miss. App. 1999)(citations omitted). "[C]ases which involve allegations of fraud or misrepresentation generally are inappropriate for disposition at a summary-judgment stage." Allen v. Mac Tools, Inc., 671 So.2d 636, 642 (Miss. 1996). The Mississippi Supreme Court has stated:

> The clear and convincing standard required of the evidence to sustain a claim of fraud is certainly met in a summary judgment posture when one witness specifically claims a representation was in fact made. Simmons v. Thompson Machinery of Mississippi, Inc., 631 So.2d 798, 802 (Miss. 1994)(quoting McMullan v. Geosourthern Energy Corp., 556 So.2d 1033, 1037 (Miss. 1990)). Finally, in a motion for summary judgment, a genuine issue of material fact is obviously present where one party testifies to one account of the matter in interest and the other party swears otherwise. Simmons, 631 So.2d at 802 (citing Newell v. Hinton, 556 So.2d 1037, 1041 (Miss. 1990)).

Id. at 643.

The defendants contend that Illinois Central cannot establish the fourth element necessary for a fraud claim because Illinois Central did not "reasonably rely" on the defendants sworn statements in choosing to settle the Eakin's case. The defendants argue that Illinois Central knew or should have known that Harried had been involved in prior asbestos litigation because Illinois Central had in its possession a one-page document obtained on

4

October 1, 2003, that indicated Harried's involvement in an asbestos case in 1999.  Therefore, the defendants argue, Illinois Central did not reasonably rely on the pulmonary questionnaire provided to them by Guy and Brock in deciding to settle the Harried claim.

Illinois Central argues that the "reasonable reliance" standard which incorporates "knew or should have known" is not the correct standard in common law fraud cases in Mississippi.  Rather, the plaintiff argues that "justifiable reliance" is the correct standard.

At the center of both parties' arguments is whether common law fraud under Mississippi law requires, as an element, "reasonable reliance" or "justifiable reliance" on a party's false representation.  The defendants argue that Mississippi law requires "reasonable reliance," which incorporates the knew or should have known standard.  The plaintiffs, on the other hand, argue that "justifiable reliance" is the standard.

In support of its argument, the plaintiff cites <u>Field v. Mans</u>, 516 U.S. 59 (1995).  In <u>Field</u>, the Supreme Court articulated a difference between "justifiable reliance" and "reasonable reliance" as those terms exist under Chapter 11 of the bankruptcy code.  516 U.S. at 70-76.  "Reasonable reliance", the Court indicated, is a reasonable person standard in which the person would investigate the truth or falsity of all representations made to him or her.

Id. at 70-74.  The Court stated:

> [J]ustifiable reliance is the standard applicable to a victim's conduct in cases of alleged misrepresentation and that '[i]t is only where, under the circumstances, the facts should be apparent to one of his knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived, that he is required to make an investigation of his own.

Id. at 71 (citing W. Prosser, Law of Torts § 108, p. 718 (4th ed. 1971)). In Field, the Supreme Court also cited First Mobile Home Corp. v. Little, 298 So.2d 676, 679 (Miss. 1974), in support of its conclusion that as of November 6, 1978, Mississippi was one of the 36 states that had adopted the "justifiable reliance" standard in common law fraud actions.  Id. at 75, n. 12.

To support their argument, the defendants rely on Waters v. Allegue, 980 So.2d 314, 318 (Miss. Ct. App. 2008), and Little v. Miller, 909 So.2d 1256 (Miss. Ct. App. 2007). Both of these cases involved a real estate transaction between a buyer and seller in which the court held that the buyer could not reasonably rely on the seller's misrepresentations in the contract when the buyer actually knew the truth before signing the contract.  The defendants also rely on Travelers Casualty & Surety Co. of America v. Ernst & Young LLP, 542 F.3d 475 (5th Cir. 2008).  In Travelers, the Fifth Circuit determined that, in the context of financial statements, Mississippi law makes clear that "a party cannot reasonably rely on a misstatement when the error is obvious to the party or the party knows the truth of the matter."  Id. at 483.

6

However, these cases differ from the facts in the instant case.  In the cases cited by the defendants, there was proof that the plaintiffs knew the falsity of the representations before the contracts were signed or before the agreement was made.  The defendants have failed to show that the plaintiffs knew at the time of the settlement that the information in the pulmonary questionnaires was false or that the plaintiff knew about the existence of a one-page document discovered by MMI that indicated Harried had been involved in prior asbestos litigation.[3]

More importantly, Illinois Central provided an affidavit by Charles G. Garrett, Illinois Central's Risk Mitigation Manager, stating that Illinois Central did not receive the one-page document reporting Harried's involvement in prior asbestos litigation until between September 2007 and February 2008.  Illinois Central also presented evidence that MMI produced millions of documents pertaining to asbestos litigants with claims against Illinois Central.  Because this one-page document involving Harried was in those millions of documents produced by MMI, the defendants argue that Illinois Central should have known that the representations made in Harried's pulmonary questionnaire were false.  The Court finds this argument unpersuasive.

Essentially, the defendants have produced a witness stating

---

[3] "MMI" is an investigative consulting service that Illinois Central hired in 2003 to research plaintiffs that had sued or were suing Illinois Central.

that MMI found a document on October 3, 2004, which showed Harried was involved in a prior asbestos law suit. They argue that because MMI found this document on October 3, 2004, and MMI was hired by the plaintiff, the plaintiff knew or should have known about Harried's previous involvement in asbestos litigation when the parties settled on November 26, 2003. However, Illinois Central has produced an affiant declaring that it did not have in its possession nor did it know about the existence of the one-page document regarding Harried's previous involvement in asbestos litigation.

In common law fraud cases, Mississippi Courts have not clearly distinguished between reasonable reliance and justifiable reliance. While the parties have cited cases supporting their arguments, none of those cases are directly on point. The <u>Field</u> case which the plaintiff cites does distinguish between the common law meaning of reasonable reliance and justifiable reliance. However, it does so only under the provisions of Chapter 11 of the bankruptcy code. That provision is not at issue in the instant case. The cases cited by the defendant are equally distinguishable from the case at bar. In those cases, the party relying on the statement knew it was false; therefore, the court held that party could not reasonably rely on the statement.

In a 2001 fraud case, the Mississippi Court of Appeals used the terms "reasonable reliance" and "justifiable reliance"

interchangeably when describing reliance necessary for a plaintiff to make out a case for fraud. Braidfoot v. William Carey College, 793 So.2d 642, 652-54 (Miss. Ct. App. 2001). In one section in Braidfoot, the court stated that the plaintiff must reasonably rely on the defendant's statements. Id. at 652. In another section, the court stated that the plaintiff must justifiably rely on the defendant's statements. Id. at 654. Yet, in the same section, the court stated that the plaintiff must merely "rely" on the defendant's statements. Id. Moreover, in a recent 2008 case, the Mississippi Supreme Court stated that as evidence of fraudulent misrepresentation, the plaintiff must show his "reliance on [the] truth" of the defendant's statement or representation as one element of the fraudulent misrepresentation claim. Holland v. Peoples Bank & Trust Co., 3 So.3d 94, 100 (Miss. 2008). The Holland court did not refer to reasonable reliance or justifiable reliance. Compare, Allen, 671 So.2d at 643 (stating that "reasonable reliance on the false representation" is an element of fraud), with Mcgee, 733 So.2d at 312-13 (citing Allen for the proposition that "reasonable reliance" is necessary for a fraud claim but also stating "justifiable reliance" on the untruth of the defendant's statement is necessary). Inasmuch as it is unclear what standard of reliance Mississippi courts require in common law fraud cases, this Court must make an Erie guess. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct 817 (1938).

This Court is of the opinion that Mississippi courts would accept the justifiable reliance standard because it carries a lesser burden than the reasonable reliance standard. As stated previously, in <u>Field</u>, the Supreme Court relied on <u>First Mobile Home Corp. v. Little</u>, 298 So.2d 676, 679 (Miss. 1974), in concluding that Mississippi used the justifiable reliance standard in common law fraud cases. Also, the Mississippi Supreme Court has stated that "[g]enerally, a party alleging fraud must prove that there was a false or misleading statement, and **some reliance** thereon by the victimized party." <u>Dill v. Southern Farm Bureau Life Ins. Co.</u>, 797 So.2d 858, 866 (Miss. 2001)(emphasis added). More importantly, in <u>Hosford v. McKissick</u>, 589 So.2d 108, 111 (Miss. 1991), the court quoted the Restatement (Second) of Torts § 552 (1977): "[o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Based upon these and other holdings, this Court finds that Mississippi courts would apply the justifiable reliance standard as discussed in <u>Field v. Man</u> to common law fraud cases in Mississippi.

In the instant case, the plaintiff has presented affidavit

evidence stating that it relied on the sworn pulmonary questionnaire submitted by the defendants in agreeing to settle the <u>Eakin's</u> case. The defendants have not presented credible evidence that Illinois Central knew that the information in the pulmonary questionnaire was false or that Illinois Central was aware of the one-page document indicating that Harried had been involved in prior asbestos litigation. For these reasons, this Court finds that a genuine issue of material fact exists as to whether Illinois Central relied on the information in the pulmonary questionnaires in deciding to settle. <u>Allen</u>, 671 So.2d at 643 (stating that "a genuine issue of material fact is obviously present where one party testifies to one account of the matter in interest and the other party swears otherwise").

*2. Breach of Duty of Good Faith and Fair Dealing*

The defendants argue that no fiduciary relationship existed between them and the plaintiffs, and, therefore, they owed no duty to the plaintiffs. They also argue that, under Mississippi law, adverse parties owe no duty to each other. Illinois Central argues that the defendants misstate the facts of this case and the law pertinent to the facts. The plaintiff also argues that both parties were acting as contracting entities during the settlement negotiations and the defendants' fraudulent actions during those negotiations amount to a breach of good faith and fair dealing. Illinois Central also argues that the defendants agreed in the

11

settlement protocol to act with good faith.

A breach of the duty of good faith and fair dealing is a tort under Mississippi law and "emanates from the law on contracts." Braidfoot v. Willaim Carey College, 793 So.2d 642, 651 (Miss. Ct. App. 2001). "All contracts [in Mississippi] contain an implied covenant of good faith and fair dealing in performance and enforcement." Id. (citation omitted). Moreover, the covenant of good faith and fair dealing is a statutory obligation. Id. (citing Cenac v. Murry, 609 So.2d 1257, 1272 (Miss. 1992); MISS. CODE ANN. § 75-1-203 (1972)). The Mississippi Supreme Court stated:

> Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness, or reasonableness.

Id. (citing Cenac, 609 So.2d at 1272)(quoting RESTATEMENT (SECOND) OF CONTRACTS § 205, 100 (1979)). Additionally, the Fifth Circuit stated that, under its "best Erie guess . . . Mississippi courts would treat a settlement agreement the same as other contracts." Bogy v. Fort Motor Co., 538 F.3d 352, 355 (5th Cir. 2008).

All justifiable inferences are to be drawn in favor of the non-moving party. Anderson, 477 U.S. at 255. As a result, the Court finds that genuine issues of material fact exist in regard to the plaintiff's breach of good faith and fair dealing claim. Therefore, the defendants motion is denied.

## III. CONCLUSION AND ORDER

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion for Summary Judgment [docket entry no. 145] is **DENIED.**

**SO ORDERED** this the 28th day of December 2009.

                                         s/ David Bramlette

                                    **UNITED STATES DISTRICT COURT**