```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION
```

ILLINOIS CENTRAL RAILROAD COMPANY                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:06cv160-DCB-JMR

WILLIE R. HARRIED, a/k/a WILLIAM
ROY HARRIED, AND WILLIAM S. GUY
AND THOMAS W. BROCK                                       DEFENDANTS

<u>CONSOLIDATED WITH</u>

ILLINOIS CENTRAL RAILROAD COMPANY                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:07cv18-DCB-JMR

WARREN R. TURNER, WILLIAM S. GUY
AND THOMAS W. BROCK                                       DEFENDANTS

**<u>ORDER</u>**

This cause comes before the Court on Plaintiff Illinois Central's (hereinafter "plaintiff" or "Illinois Central") Motion to Clarify and Reconsider [docket entry no. 195 in Cause No. 5:06cv160] the Court's September 22, 2009, order [docket entry no. 193 in Cause No. 5:06cv160] granting in part and denying in part certain objections and appeals to the Magistrate Judge's discovery orders entered on June 12, 2009. The plaintiff filed this motion on October 7, 2009. Defendants Guy and Brock (hereinafter "defendants" or "Guy and Brock") filed their response on October 21, 2009. The plaintiff filed a reply on November 2, 2009. Having carefully considered said Motion, Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

**1. Motion to Clarify**

The plaintiff asks the Court to clarify that its September 22, 2009, order did not address certain objections to the Magistrate Judge's discovery orders and that those objections are still pending before this Court. On July 3, 2009, Illinois Central filed four objections and appeals [docket entry nos. 169, 170, 171, 172] to the Magistrate Judge's discovery orders entered on June 12, 2009. On July 8, 2009, Illinois Central filed an amended objection and appeal [docket entry no. 175] that was identical to docket entry no. 172. The only noticeable difference between the filings is that docket entry no. 175 has two attachments and docket entry no. 172 has no attachments.

On September 22, 2009, this Court entered a fourteen (14) page order that clearly and thoroughly addressed all issues presented in the plaintiff's appeals. The plaintiff submitted four appeals and the Court's order had four corresponding sections addressing those appeals. The Court has also, at length, reviewed the Magistrate Judge's discovery order entered on June 12, 2009, in regard to Illinois Central's first motion to compel [docket entry no. 83]. After a thorough review, the Court finds that the Magistrate Judge's order is not clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). For these reasons, the Court finds that no outstanding issues relating to its September 22, 2009, order are pending and

the plaintiff's motion to clarify is denied.

**2. Motion to Reconsider**

The plaintiff also asks this Court to reconsider certain rulings in its September 22, 2009, order because those rulings are "clearly erroneous" and may cause "manifest injustice." The Federal Rules do not explicitly recognize a motion for reconsideration. GuideOne Mut. Ins. Co. v. Rock, 2009 WL 2252204, at *2 (N.D. Miss. 2009)(slip copy). Yet, the Fifth Circuit "held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b)." Id. (citing Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991)). Because the instant motion was served within the 10 day time limit imposed by Rule 59(e), it falls under Rule 59. See Teal, 933 F.2d at 347, n. 3.

The district court is afforded considerable discretion in deciding a Rule 59(e) motion. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990)(abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994)). Three possible grounds are available when determining whether reconsideration is necessary: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." Bulley v. Fidelity Financial

Serv. of Miss., 2000 WL 1349184, at *2 (S.D. Miss. 2000)(citations omitted). Motions for reconsideration should not be used as "a second attempt to 'sway the judge.'" Id. (citations omitted). Additionally, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). Rather, reconsideration "is an **extraordinary remedy** that should be used sparingly." Id. (emphasis added).

The aspects of the Court's September 22, 2009, order, which the plaintiff asks the Court to reconsider, are issues appealed from the Magistrate Judge's discovery orders entered on June 12, 2009. These issues are not dispositive of this case. The arguments presented in the plaintiff's motion to reconsider are the same arguments presented in its prior appeals, albeit the reconsideration arguments are stated differently. Illinois Central argues that manifest injustice may occur if Harried is not ordered to produce requested documents in his possession, custody, or control. In its prior order, this Court affirmed the Magistrate Judge's orders that required Harried to "produce all documents relevant to [the plaintiff's] request[s]" in his personal possession and to "supplement [each] request[s] if he should acquire these documents." Likewise, the Court also affirmed the Magistrate Judge's orders that required Guy and Brock and Porter &

4

Malouf to produce documents and information requested concerning Harried and Turner. The plaintiff's request is seeking the same documents from different defendants. The Court's prior order encompasses all documents requested by the plaintiff whether they are produced by Harried, Porter & Malouf, or Guy and Brock. Therefore, reconsideration is unwarranted.

Illinois Central also asks this Court to reconsider its September 22 order because the order affirmed the Magistrate Judge's order denying the plaintiff discovery related to Guy and Brock's clients other than Harried and Turner. The Court narrowed the scope of discovery to information that pertains only to Harried and Turner. As stated in the September 22 order, "Guy and Brock's identification of every plaintiff they have represented between [1998 and 2004] would be unduly burdensome and those plaintiffs are not relevant to the instant case." A Court should not allow a party to use discovery merely as a "fishing expedition" to discover more individuals who are similarly situated. Paul Kadair, Inc. v. Sony Corp. of America, 694 F.2d 1017, 1030 (5th Cir. 1983). Therefore, the Court finds that reconsideration of its prior order regarding the plaintiff's motion to compel Guy and Brock is unwarranted.

Illinois Central also argues that new evidence has arisen which supports reconsideration. First, Illinois Central states that, through independent investigation, it has identified new

5

evidence that shows that Harried and Guy and Brock have failed to produce discovery on related asbestos claims Guy and Brock filed on behalf of Harried.  This evidence consists of: (1) two letters, dated January 25, 2005, and August 18, 2005; (2) a chart listing plaintiff information for <u>Lee Anderson, et al. v. Garlock, Inc., et al.</u>, Cause No. 2002-225;  and, (3) a list of severed plaintiffs from the <u>Lee Anderson</u> suit. Illinois Central also states that it has found new evidence through independent investigation that "strongly suggest[s]" that Porter & Malouf's search process for discovery related documents was flawed.  This document is a chart outlining what documents have been produced by Guy and Brock and Porter & Malouf related to cases in which Harried and Turner were plaintiffs.

When determining whether to consider new evidence filed to support a Rule 59(e) motion, "the court should consider such factors as:" (1) the reasons for a moving party's failure to furnish evidence as part of his original summary judgment motion; (2) the importance of the evidence to the moving party's case; (3) whether the omitted evidence was available before the moving party responded to the motion for summary judgment; and (4) the likelihood of prejudice to the non-moving party if the case is reopened" or the judgment reconsidered. See <u>Gantt v. United States Dept. of Army</u>, 2002 WL 31115178 (5th Cir. 2002)(unpublished)(citing <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u> 910 F.2d 167, 174

(5th Cir. 1990)). Although the factors stated by the Fifth Circuit in Gantt are in a summary judgment context, they equally apply here.

Illinois Central has failed to explain in its motion or reply why these documents constitute newly discovered evidence; that is, why it was not available to Illinois Central to provide as part of its discovery motions to the magistrate judge or the appeals filed before this Court on July 3, 2009. See Id. The plaintiff has offered no evidence to show that these documents, two of which are dated in 2005, were not available to it prior to the Court's September 22, 2009, order. "The unexcused failure to present evidence which is available at the time a motion is under consideration is a legitimate reason for denying a motion to reconsider." Id. (citing Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co., 174 F.3d 653, 658 n. 1 (5th Cir. 1999); Russ v. International Paper Co., 943 F.2d 589, 593 (5th Cir. 1991)).

In its September 22, 2009, order, the Court thoroughly addressed the issues presented on appeal. No new evidence has been presented nor is there clear error or manifest injustice which would warrant reconsideration of the prior order. With the instant motion, the plaintiff asks this Court to reconsider issues that have been decided on two prior occasions. The Court has thoroughly reviewed the plaintiff's motion and finds that reconsideration is

not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Clarify and Reconsider [docket entry no. 195 in Cause No. 5:06cv160] is **DENIED**.

**SO ORDERED** this the 28th day of January 2010.

                                                s/ David Bramlette

                                            **UNITED STATES DISTRICT COURT**