UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


ILLINOIS CENTRAL RAILROAD COMPANY                                PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:06-cv-160-DCB-JMR

WILLIE R. HARRIED, a/k/a WILLIAM
ROY HARRIED, AND WILLIAM S. GUY
AND THOMAS W. BROCK                                             DEFENDANTS

CONSOLIDATED WITH

ILLINOIS CENTRAL RAILROAD COMPANY                                PLAINTIFF

VERSUS                           CIVIL ACTION NO. 5:07-cv-18-DCB-JMR

WARREN R. TURNER, WILLIAM S. GUY
AND THOMAS W. BROCK                                             DEFENDANTS

**ORDER**

This cause comes before the Court on Plaintiff Illinois Central Railroad Company's ("IC") Objection to the Magistrate Judge's Denial of Discovery Related to Fred Tyler [docket entry no. 173 in member case 5:07-cv-18]. Defendants William Guy and Thomas Brock ("defendants" or "Guy and Brock") filed their Response on December 23, 2009. IC filed its Reply on December 31, 2009. Having carefully considered said Motion, Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

**I. Factual and Procedural History**

IC objects to the Magistrate Judge's order regarding two interrogatories submitted to Guy and Brock that seek information relating to Guy and Brock's representation of Fred Tyler in Elbert

Eakins, et al. v. Illinois Central Railroad Co., No. 2001-65 (Jefferson County Ct. Miss.) ("Eakins").[1] The interrogatories were part of IC's second set of discovery directed to the defendants. The interrogatories state:

> **Interrogatory No. 3**: Identify and describe in detail all communications (including telephone conversations, discussions, meetings, electronic or written communications) that You or anyone acting on Your behalf have had with Fred Tyler regarding any of Tyler's asbestos claims or the pending lawsuits filed by Illinois Central against You, and all documents relating to each such communication or meeting.
>
> **Interrogatory No. 4**: Identify all claims that You or counsel with whom You have associated in any capacity have asserted on behalf of Fred Tyler, and for each such claim provided the name of the case or bankruptcy proceeding, filing date, injury alleged, whether and if so what prior claims were disclosed on Tyler's behalf, status or resolution of the claim (including grounds for dismissal), and identify the lawyers and representatives of lawyers with whom You communicated or associated in connection with the assertion, filing, prosecution, settlement, dismissal, or other resolution of the claim, and all related documents.

The defendants responded to the interrogatories stating that they

---

[1] Fred Tyler is a former client of Guy and Brock. He was a plaintiff in Eakins. Before IC settled with Tyler, it determined that Tyler had been involved in prior asbestos litigation - David Cosey, et al. v. E.D. Bullard Co., et al., Civil Action No. 95-0069 (Jefferson County Ct. Miss.) - similar to the other defendants in the instant case, Willie Harried and Warren Turner. Guy and Brock did not disclose this to IC and Guy and Brock stated that Tyler never told them he had been a plaintiff in Cosey. Tyler was subsequently dismissed as a plaintiff from the Eakins case. As a result of the "Fred Tyler issue", Guy and Brock agreed to provide written assurances to IC as part of the settlements in Eakins that there were no other plaintiffs similar to Tyler and that their process for vetting clients about prior participation in asbestos litigation was not flawed.

were "overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." They further objected on attorney/client privilege grounds and stated that Fred Tyler was not a party to the present lawsuit.

The plaintiff filed a Motion to Compel [docket entry no. 95] against the defendants seeking discovery on several interrogatories on January 26, 2009. The Magistrate Judge entered a text order on June 12, 2009. Subsequently on July 1, 2009, the plaintiff filed a Motion to Clarify [docket entry no. 133] asking the Magistrate Judge to clarify the text order regarding the two interrogatories seeking information about Fred Tyler. In a text order on November 24, 2009, the Magistrate Judge held:

> [A]s to Interrogatories 3 and 4, Mr Tyler is not a plaintiff in this matter. [The] Plaintiff has not presented any evidence that distinguishes Brock and Guy's representation of Mr [sic] Tyler in particular to allow for this discovery.

The plaintiff filed the instant objection to the Magistrate Judge's order on December 8, 2009. The motions and all responses thereto are now before the Court.

## II. Standard of Review

Title 28 U.S.C. § 636(b)(1)(A) provides that the district judge, having assigned certain pretrial matters to the magistrate judge, "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." See also Castillo v. Frank, 70 F.3d 382, 385

3

(5th Cir. 1995)(holding that magistrate judge has referral authority under 28 U.S.C. § 636 to decide non-dispositive discovery motion and district court is to apply a "clearly erroneous" standard of review). Similarly, Federal Rule of Civil Procedure 72(a) instructs that within ten days of a magistrate judge's order on a non-dispositive pretrial matter "a party may serve and file objections to the order[.]" Once the party objects, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). The district court reviewing a "non-dispositive order issued by a Magistrate Judge" shall give it "substantial deference" and cannot disturb a factual finding "unless . . . the reviewing court is left with the definite and firm conviction that a mistake has been committed." Grand Oaks, Inc. v. Anderson, 175 F.R.D. 247, 248 (N.D. Miss. 1997); American Realty Trust, Inc. v. Matisse Capital Partners, L.L.C., 2001 WL 1029466, *1 (N.D. Tex. 2001)(citation omitted).

### III. Analysis

IC posits three arguments as to why information about Fred Tyler is discoverable and relevant. First, IC argues that the requested information is relevant and admissible to prove Guy and Brock's knowledge and intent to commit fraud and their culpability for punitive damages. IC claims that, under Federal Rule of

4

Evidence 402(b), evidence of similar bad acts committed by Guy and Brock to those alleged by IC in the instant case are admissible to prove Guy and Brock's knowledge and/or intent to commit fraud. Second, IC argues that the Fred Tyler information is relevant to show that Guy and Brock's "pattern and practice" of obtaining information from their clients for settlement was inconsistent and differs from Guy and Brock's deposition testimonies regarding the same. Specifically, IC argues that the communications between Fred Tyler and Guy and Brock will show whether Guy and Brock had a practice of asking all potential clients about their asbestos litigation history. Third, IC argues that the requested information is relevant to the statute of limitations issue in this case. On August 4, 2009, this Court denied the defendant's summary judgment motion and held that the "repeated inquiries" made by IC in <u>Eakins</u> as to the truthfulness of information provided by Guy and Brock during the settlement negotiations and "multiple assurances" provided by Guy and Brock that the information was correct create a genuine issue of fact regarding whether Illinois Central exercised due diligence such that they should have discovered their claims against Guy and Brock prior to the expiration of the statute of limitations. IC argues that the Fred Tyler information is relevant regarding this issue.

In response, the defendants argue that IC's request for further information regarding Fred Tyler amounts to a "fishing

5

expedition" and should therefore be denied.  The defendants also state that IC has taken Fred Tyler's deposition twice - in 2004 in the Eakins litigation and in October 2008 for this case.  As a result, Guy and Brock argue that further discovery regarding Fred Tyler is not relevant because Tyler answered all of IC's questions about his communications with Guy and Brock during his depositions.  In support of their arguments, the defendants rely on Mitchell v. United States, et al., 2009 WL 2489065 at *4 (S.D. Miss. 2009), for the proposition that courts "should not permit discovery to be open ended fishing expeditions."  The defendants also argue that the discovery should not be allowed when the information sought lacks "specificity."  Id.

As to interrogatory 3, the Court is of the opinion that the plaintiff's have stated with requisite specificity the importance and relevance of the requested information.  The "Fred Tyler issue," as stated by this Court in its August 4, 2009, opinion, is not an insignificant issue in this case.  The Mississippi Supreme Court has held that in a fraud case, "[e]vidence of similar occurrences is relevant and admissible to show absence of mistake or accident, plan or intent."  H.L. Dawkins v. Redd Pest Control Co. Inc., 607 So.2d 1232, 1236 (Miss. 1992)(citing Miss. R. Evid. Rule 404(b)).  As a result, information regarding Guy and Brock's procedures for obtaining information from Fred Tyler, and whether Guy and Brock inquired about previous asbestos litigation Tyler may

6

have been involved in is relevant to the subject matter of this case.

As to interrogatory 4, for the reasons previously stated, the Court finds that the defendants are to produce the information requested regarding any claims that Guy and Brock have asserted on behalf of Tyler and the filing dates for those claims. The other information requested in interrogatory 4 is "not relevant to the subject matter of this action" and not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1).

For these reasons, the Court finds the plaintiff's Objection to the Magistrate Judge's Denial of Discovery Related to Fred Tyler is well-taken, though only in part. Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Objection to the Magistrate Judge's Denial of Discovery Related to Fred Tyler [docket entry no. 173 in member case 5:07-cv-18] is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendants William Guy and Thomas Brock produce the requested information in interrogatory 3 and limited information in interrogatory 4 pertaining to Fred Tyler within five (5) days of the filing of this order.

**SO ORDERED AND ADJUDGED** this the 2nd day of February 2010.

                                      s/ David Bramlette
                                 **UNITED STATES DISTRICT COURT**