**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**


ILLINOIS CENTRAL RAILROAD COMPANY                    PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:06-cv-160-DCB-JMR

WILLIE R. HARRIED, a/k/a WILLIAM
ROY HARRIED, AND WILLIAM S. GUY
AND THOMAS W. BROCK                                  DEFENDANTS

CONSOLIDATED WITH

ILLINOIS CENTRAL RAILROAD COMPANY                    PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:07-cv-18-DCB-JMR

WARREN R. TURNER, WILLIAM S. GUY
AND THOMAS W. BROCK                                  DEFENDANTS

**ORDER**

This cause comes before the Court on Plaintiff Illinois Central Railroad Company's ("IC") Objection to the Magistrate Judge's Ruling on It's Motion to Compel Shannon Law Firm [docket entry no. 172 in member case 5:07-cv-18]. IC filed the objection on December 8, 2009. The Shannon Law Firm ("SLF") filed a Response on December 18, 2009.[1] IC filed a Reply on December 28, 2009. Having carefully considered said Motion, Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

**I. Facts and Procedural History**

IC objects to the Magistrate Judge's text orders regarding

---

[1] SLF is not a party to the instant law suit.

discovery sought from SLF.  On August 13, 2008, IC served SLF with a subpoena seeking discovery.  Subsequently, SLF provided an initial response to the request and also provided three supplemental responses.  In January 2009, following several extensions of the discovery deadline, the Magistrate Judge set the final discovery deadline for May 1, 2009.  On April 30, 2009, IC took the depositions of James Shannon, Kelley Berry and Selena Johnson.  Shannon is an attorney with SLF and Berry and Johnson are former employees of SLF.  Following the depositions, SLF provided further discovery information to IC to supplement the deposition testimonies.

On April 30, 2009, IC filed a Motion for Extension of Time to Complete Discovery [docket entry no. 117 in member case 5:07-cv-18].  The Magistrate Judge partially granted and partially denied the motion on August 12, 2009, stating that "[t]he discovery and motions deadlines will not be extended except as provided for by specific Court order."  On September 1, 2009, SLF filed a Motion for Attorney's Fees, Sanctions, and Protective Order.  IC filed a Motion to Compel discovery from SLF on September 21, 2009.  The Magistrate Judge entered text orders on November 24, 2009, addressing both motions.

As to SLF Motion for Attorney's Fees, Sanctions, and a Protective Order [docket entries 158, 159], the Magistrate Judge denied the request for attorney's fees and sanctions but granted

the protective order stating "that the Shannon Law Firm need not present any additional evidence." As to IC's Motion to Compel discovery from SLF [docket entry no. 162], the Magistrate Judge denied the motion as untimely. The Magistrate Judge stated:

> The discovery deadline in this case ended on May 1, 2009 [sic] after extensions were granted. Pursuant to Rule 26(b)(2) of the Uniform Local Rules of this Court, the Court finds that the subpoena in question was not initiated so that it would be responded to prior to discovery deadline. No further written order shall be issued by this Court.

IC filed its objections to the Magistrate Judge's orders on December 8, 2009 [docket entry no. 172]. The motions and all responses thereto are now before the Court.

## II. Standard of Review

Title 28 U.S.C. § 636(b)(1)(A) provides that the district judge, having assigned certain pretrial matters to the magistrate judge, "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." See also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995)(holding that magistrate judge has referral authority under 28 U.S.C. § 636 to decide non-dispositive discovery motion and district court is to apply a "clearly erroneous" standard of review). Similarly, Federal Rule of Civil Procedure 72(a) instructs that within ten days of a magistrate judge's order on a non-dispositive pretrial matter "a party may serve and file objections to the order[.]" Once the party objects, "[t]he

district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). The district court reviewing a "non-dispositive order issued by a Magistrate Judge" shall give it "substantial deference" and cannot disturb a factual finding "unless . . . the reviewing court is left with the definite and firm conviction that a mistake has been committed." Grand Oaks, Inc. v. Anderson, 175 F.R.D. 247, 248 (N.D. Miss. 1997); American Realty Trust, Inc. v. Matisse Capital Partners, L.L.C., 2001 WL 1029466, *1 (N.D. Tex. 2001)(citation omitted).

### III. Analysis

IC presents two arguments for this Court's consideration. First, IC argues that the Magistrate Judge's text order was clearly erroneous because IC's subpoena was served "2½ months before the then-effective discovery deadline, and 8 ½ months before the final discovery deadline." Second, IC argues that this Court should adjudicate its Motion to Compel on the merits instead of remanding it for reconsideration by the Magistrate Judge because the Magistrate Judge's order does not alter the analysis.

In its response, SLF argues that IC's motion to compel was untimely pursuant to Uniform District Court Rule 7.2(b)(2). SLF also argues that the motion to compel should be denied because it has complied with IC's discovery request and SLF has no further

information to produce.  Lastly, SLF argues that the doctrine of collateral estoppel bars IC's objection because these issues have been litigated and ruled upon by the Magistrate Judge.

As to SLF's collateral estoppel argument, Federal Rule of Civil Procedure 72(a) allows a party to object to a Magistrate Judge's order within ten (10) days after the order is served.  IC's objection was timely filed; therefore, SLF's collateral estoppel argument is without merit.  Additionally, IC is correct that its subpoena served on August 8, 2008 was timely served to allow a response well in advance of the discovery deadline.  However, other reasons dictate that the Magistrate Judge was correct in denying IC's motion to compel.

First, SLF provided responses to IC's discovery request and also supplemented those responses on three different occasions. Second, IC has also deposed two attorney's and one paralegal from SLF who handled information regarding Warner Turner while working for SLF.  Third, per a request from IC at the end of the depositions, SLF provided supplemental discovery responses to IC in May 2009.  Fourth, and most significant, IC did not file their motion to compel until September 21, 2009, 4½ months after the discovery deadline passed.  In addition, SLF is not a party to this action and it has unequivocally stated that it has provided all of the discovery information requested by IC that it has in its possession, custody, and control.

Uniform Local Rule 7.2(b)(2) states that "[d]iscovery motions must be filed sufficiently in advance of the discovery deadline so as to not affect the deadline."  Additionally, Rule 7.2(K) states that "[a]ny motion served beyond the motion deadline . . . may be denied solely because the motion is served untimely.  Parties are encourage to file all non-dispositive motions prior to the discovery deadline."[2]  For this reason and others stated herein, IC's Objection to the Magistrate Judge's Ruling on It's Motion to Compel Shannon Law Firm is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Objection to the Magistrate Judge's Ruling on It's Motion to Compel Shannon Law Firm [docket entry no. 172 in member case 5:07-cv-18] is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 3rd day of February 2010.

s/ David Bramlette

**UNITED STATES DISTRICT JUDGE**

---

[2] Because the original motions were filed before December 1, 2009, the new Uniform Civil Local Rules, which became effective December 1, 2009, do not apply to this analysis.