# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

ILLINOIS CENTRAL RAILROAD COMPANY					PLAINTIFF

VERSUS					CIVIL ACTION NO. 5:06-cv-160-DCB-JMR

WILLIE R. HARRIED, a/k/a WILLIAM
ROY HARRIED, AND WILLIAM S. GUY
AND THOMAS W. BROCK					DEFENDANTS

CONSOLIDATED WITH

ILLINOIS CENTRAL RAILROAD COMPANY					PLAINTIFF

VERSUS					CIVIL ACTION NO. 5:07-cv-18-DCB-JMR

WARREN R. TURNER, WILLIAM S. GUY
AND THOMAS W. BROCK					DEFENDANTS

## ORDER

This matter comes before the Court on Defendants William S. Guy and Thomas W. Brock's (hereinafter "defendants") Motion for Ruling as to Documents Ordered Produced for In Camera Review Pursuant to Motions to Compel [docket entry no. 234 in 5:06-cv-160], defendants' Motion to Compel [docket entry no. 80 in 5:06-cv-160; docket entry no. 54 in member case 5:07-cv-18] and, pursuant to the Magistrate Judge's order for in camera review of privileged documents entered on June 10, 2009, in 5:06-cv-160 and on September 18, 2009, in 5:07-cv-18.  Having carefully considered the Motions, Responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On October 21, 2008, the defendants filed a Motion to Compel

Discovery from Illinois Central Railroad Company (hereinafter "IC"). IC disclosed some of the requested documents but asserted the attorney/client privilege regarding other documents. The Magistrate Judge granted in part and denied in part the defendants' Motions to Compel and ordered IC to produce the documents listed in its privilege log for in camera review.[1]

In their Motion to Compel and in their Motion for Ruling regarding the documents for in camera review, the defendants argue that IC implicitly waived the attorney/client privilege by filing this fraud claim and making the question of "reliance" a central issue in this case. More specifically, the defendants argue that because reliance is an element of fraud, the defendants are entitled to discover all information that the plaintiff relied upon in making its decision to settle. As support for their position, the defendants rely on Conkling v. Turner, 883 F.2d 431 (5th Cir. 1989). In Conkling, the court held:

> When confidential communications are made a material issue in a judicial proceeding, fairness demands treating the defense as a waiver of the privilege. . . . The great weight of authority holds that the attorney-client privilege is waived when a litigant places[s] information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.

Id. at 434 (citations omitted). The defendants argue that IC

---

[1] In camera review was suggested as a resolution to the instant issue by the plaintiff in its original Response [docket entry no. 88 in 5:06-cv-160] at footnote 5.

placed the information they relied upon when deciding to settle at issue when it filed the instant fraud suit.

Courts have held that "a party can waive the attorney client privilege by asserting claims or defenses that put his or her attorney's advice in issue in the litigation." Rhone-Poulenc Rorer Inc. v. The Home Indemnity Co., 32 F.3d 851, 864 (3rd Cir. 1994); Conklin, 883 F.2d at 434. However, in the instant suit, IC has not done so. On the contrary, IC has put at issue its reliance on the information provided to it by the defendants, i.e. the pulmonary questionnaires submitted by the defendants to IC as a prerequisite to settlement. IC has not put at issue the advice or information provided by its own attorneys. As a result, IC has not implicitly waived the attorney client privilege.

Although the attorney/client privilege is meant to protect confidential communications "between a client and his attorney, . . . the privilege does not protect against the disclosure of underlying facts." Nevada Partners Fund, LLC v. United States, 2008 WL 2484198 at *6 (S.D. Miss. 2008)(citations omitted)(unpublished). Further, "because the privilege 'has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose.'" U.S. v. Robinson, 121 F.3d 971, 974 (5th Cir. 1997)(citations omitted). In its Amended Complaint, IC asserts claims of fraud against the defendants. To succeed on a claim of fraud, the plaintiff must

3

show that there was "(a) a material false representation, (b) the representation is known by the speaker to be false, (c) the representation is made with an intent to induce the unwitting hearer to act in reliance thereon, (d) the hearer does, in fact, act to his detriment in reasonable reliance on the false representation, and (e) the hearer suffers a consequent injury based on such reliance."  McGee v. Swarek, 733 So.2d 308, 312 (Miss. App. 1999)(citations omitted).  Hence, whether or not IC relied on factual information provided by the defendants during the settlement of prior claims is a material issue in this case. Therefore, documents that show factual information IC relied upon in deciding to settle the Willie Harried and Warren Turner claims are discoverable.  See Rhone-Poulenc, 32 F.3d at 862 (holding that the attorney client privilege extends to communications but may be inapplicable to facts incorporated into the privileged communication)(citing Upjohn Co. v. U.S., 449 U.S. 383, 395-96 (1981)).

After a careful review of the documents, this Court finds that the attorney client privilege applies only in part to the documents at issue.  Therefore, the Court orders IC to produce to the defendants' attorneys of record the following documents with redactions as stated herein.[2]

---

[2] The documents listed with no redactions are to be produced in their entirety.

4

```
Harried-Priv-00118
Harried-Priv-00119: Redact paragraph 3 to the end of the page.
Harried-Priv-00120: Redact.
Harried-Priv-00121: Redact paragraphs 2, 3, and 7.
Harried-Priv-00122: Redact paragraphs 5 and 7.
Harried-Priv-00123
Harried-Priv-00124: Redact paragraph 2 beginning at "All of the
     plaintiffs . . ."
Harried-Priv-00125: Redact paragraphs 1-4; The names and conditions
     listed in the chart are to be produced but the monetary
     amounts are to be redacted.
Harried-Priv-00126: Redact the monetary amounts in the charts.
Harried-Priv-00127: Redact the monetary amounts in the chart.
     Redact sentence 2 in the second paragraph beginning with
     "Judge Pickard . . .",  until the end of the page.
Harried-Priv-00128: Redact.
Harried-Priv-00278-00298: Redact.
Harried-Priv-00299
Harried-Priv-00300: Redact the monetary amounts under the
     "Established Monetary Amounts" section.
Harried-Priv-00301: Redact the "Average Settlement Amount".
Harried-Priv-00302-00320: Redact.
Harried-Priv-00327
Harried-Priv-00328-00330: Redact.
Harried-Priv-00331: Redact paragraphs 1, 2, and 3.  Everything
     after number 2 should be produced.
Harried-Priv-00332-00333
Harried-Priv-00334-00336: Redact.
Harried-Priv-00337: Redact paragraphs 1, 2, 3, 4, 5, 6, and 7.
     Everything after "R. Allen, W. Allen and Eakins" should be
     produced.
Harried-Priv-00338: Redact the last two paragraphs following
     "Additional Mitigating Factors" as well as the footnotes.
Harried-Priv-00339: Redact.

Turner-Priv-00064: Redact paragraph 2 beginning at "All of the
     plaintiffs . . . ."
Turner-Priv-00065: Redact paragraphs 1-4; The names and conditions
     listed in the chart are to be produced but the monetary
     amounts are to be redacted.
Turner-Priv-00066: Redact the monetary amounts in the charts.
Turner-Priv-00067: Redact the monetary amounts in the chart. Redact
     sentence 2 in the second paragraph beginning with  "Judge
     Pickard . . .",  until the end of the page.
Turner-Priv-00068: Redact.
Turner-Priv-00069: Redact.
Turner-Priv-00070: Redact paragraph 2 beginning at "All of the
     plaintiffs . . . ."
```

Turner-Priv-00071: Redact Paragraphs 1-4; The names and conditions listed in the chart are to be produced but the monetary amounts are to be redacted.
Turner-Priv-00072: Redact the monetary amounts in the charts.
Turner-Priv-00073: Redact the monetary amounts in the chart. Redact sentence 2 in the second paragraph beginning with "Judge Pickard . . .", until the end of the page.
Turner-Priv-00074: Redact.
Turner-Priv-00075
Turner-Priv-00076: Redact paragraph 3 to the end.
Turner-Priv-00077: Redact.
Turner-Priv-00078: Redact paragraphs 2, 3, and 7.
Turner-Priv-00079: Redact paragraphs 5 and 7.
Turner-Priv-00080
Turner-Priv-00097-00101
Turner-Priv-00110: Redact.
Turner-Priv-00111

Additionally, the Court finds that these documents are subject to a *sua sponte* protective order. In order to preserve the confidentiality of these documents, the Court orders as follows:

1. The IC Privilege documents shall be labeled with a legend that provides that "The use, disclosure, and/or publication of any confidential information in this document or its confidential contents is restricted by Orders in action 5:06-cv-160 and 5:07-cv-18."

2. Redacted IC Privilege documents may be distributed only to the parties in these actions and their attorneys subject to the restrictions in this Order.

3. Redacted IC Privilege documents may be used solely for the purpose of this litigation.

4. The parties in these actions and their attorneys shall not disclose redacted IC privilege documents or their confidential

contents to third parties without prior order of the Court.

5. If a document is non-confidential or contains all confidential material which is obscured or appropriately redacted, IC documents may be filed, referred to in pleadings, disclosed to third parties or otherwise used without limitation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants William S. Guy and Thomas W. Brock's Motion for Ruling as to Documents Ordered Produced for In Camera Review Pursuant to Motions to Compel [docket entry no. 234 in 5:06-cv-160] is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff Illinois Central Railroad Company produce redacted versions of the documents listed herein to the defendants within five (5) days of this order.

**IT IS FURTHER ORDERED** that these documents are subject to the protective order stated herein and shall be produced to the defendants under seal. The redacted documents will be emailed to the plaintiff in order for it to comply with this Order.

**SO ORDERED AND ADJUDGED** this the 11th day of February 2010.

                                             s/ David Bramlette
                                             **UNITED STATED DISTRICT JUDGE**