```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION
```

ILLINOIS CENTRAL RAILROAD COMPANY                              PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:06-cv-160-DCB-JMR

WILLIE R. HARRIED, a/k/a WILLIAM
ROY HARRIED, AND WILLIAM S. GUY
AND THOMAS W. BROCK                                           DEFENDANTS

CONSOLIDATED WITH

ILLINOIS CENTRAL RAILROAD COMPANY                              PLAINTIFF

VERSUS                               CIVIL ACTION NO. 5:07-cv-18-DCB-JMR

WARREN R. TURNER, WILLIAM S. GUY
AND THOMAS W. BROCK                                           DEFENDANTS

## **OPINION AND ORDER**

This matter comes before the Court on Defendants William S. Guy and Thomas W. Brock's (hereinafter "defendants" or "Guy and Brock") Motion to Dismiss or Prohibit Illinois Central from Supporting Designated Claims as a Sanction for Discovery Violation Pursuant to Rule 37 [docket entry no. 205 in 5:06-cv-160] and Plaintiff Illinois Central Railroad Company's (hereinafter "IC" or "plaintiff") Emergency Motion to Strike Pleadings Which Violate Agreed Protective Order and for Sanctions [docket entry no. 208 in 5:06-cv-160]. Having carefully considered said Motions, Responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

## I. Facts and Procedural History[1]

On December 30, 2009, the defendants filed their Motion to Dismiss and/or Motion to Prohibit Illinois Central From Supporting Designated Claims as a Sanction for Discovery Violation Pursuant to Rule 37. In their motion, Guy and Brock argue that the plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) because IC failed to comply with this Court's September 22-23, 2009, Orders which required IC to produce attorney invoices concerning William Harried and Warren Turner ("Harried and Turner") from Elbert Eakins, et al. v. Illinois Central Railroad Co., No. 2001-65 (Jefferson County Ct. Miss.) ("Eakins"). The defendants allege that IC redacted information from the attorney invoices without authorization from the Court and did not disclose the redacted information in a privilege log. The defendants also allege that the attorney invoices produced do not contain any invoices from the Gundlach Lee firm; Glen Beckham of the Upshaw Williams firm; Janet Gilbert of the Sippel Fletcher firm; and, the Harkins Cunningham firm. They assert that IC has withheld invoices from these firms or individuals that the Court ordered IC to produce. Guy and Brock also argue that the plaintiff implicitly waived privilege rights by asserting a claim of fraud

---

[1] This case has an extensive factual and procedural history. Since the Court has discussed this history in previous opinions, this opinion will only set forth the necessary facts for its disposition.

and placing "reliance" at issue.  If the Court denies the motion to dismiss, the defendants ask, in the alternative, that IC be prohibited at trial from supporting its claims with testimony from any individual who participated in the Harried and Turner claims on IC's behalf during the Eakins' settlement.

In response, IC argues that the defendants' motion is frivolous, unfounded and that Guy and Brock should be sanctioned for filing the motion and requiring IC to respond.  Specifically, IC argues that it complied with the Court orders because it produced attorney bills and invoices that related to Harried and Turner and only redacted information related to billing for other plaintiffs involved in the Eakins case.  IC asserts that Glenn Beckham, Janet Gilbert, Harkins Cunningham and Ed Blackmon did not work on Harried and Turner's claims prior to settlement; therefore, invoices and bills from those individuals and law firms were not the subject of the Court's orders.  IC also argues that the defendants have consistently taken the position throughout this litigation that discovery should be limited to information regarding Harried and Turner's claims in Eakins; thus, the defendants cannot now claim that IC is required to produce attorney invoices concerning all plaintiffs in the Eakins case. Additionally, IC argues that the defendants' "at issue waiver" argument is without merit and has already been asserted in prior motions by Guy and Brock.

3

On December 31, 2009, IC also filed a Motion to Strike the defendants' Motion to Dismiss. IC argues that the defendants attached confidential attorney invoices to their Motion to Dismiss that are protected by an Agreed Protective Order. Because the defendants' did not comply with the protective order and appropriately protect and/or seal the privileged documents, IC argues that the Motion to Dismiss should be stricken.

In response to the Motion to Strike, Guy and Brock argue that the confidential attorney invoices were already redacted when they received them; therefore, they did not violate the protective order by attaching them to the Motion to Dismiss. The defendants also argue that the protective order did not require the documents to be filed under seal and Uniform Local Rule 83.6(B) does not require the that the documents be filed under seal.

In its Reply, IC argues that Uniform Local Rule 83.6(B) no longer exists, and, in any event, it would not have authorized Guy and Brock to disclose the protected documents. IC also argues that the redactions in the protected documents were made by IC before they were produced to Guy and Brock and that the redacted information was not relevant to this litigation. Thus, even though the documents do say "redacted" on some pages, that information was not redacted by the defendants and the protected information is still viewable.

Additionally, both parties seek sanctions against the

opposition. Guy and Brock ask the Court to sanction IC for its alleged failure to comply with the Court's Orders. In contrast, IC asks the Court to sanction the defendants because their motion is frivolous, without arguable basis, and "play[s] fast and loose with the facts." IC also seeks attorney's fees for the costs of responding to the defendants' allegedly frivolous motion and for having to file the Motion to Strike because the defendants violated an Agreed Protective Order. The motions and all responses thereto are now before the Court.

**II. Analysis**

*1. Defendants' Motion to Dismiss*

Dismissal pursuant to Rule 37(b) is a "'draconian remedy'" and a "'remedy of last resort.'" FDIC v. Conner, 20 F.3d 1376, 1380 (5th Cir. 1994)(citations omitted). "[T]he law favors the resolution of legal claims on the merits," and "dismissal is a severe sanction that implicates due process." Id. In order to dismiss claims for a discovery violation, several elements must be present: (1)"'the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;' (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violation party's misconduct 'must substantially prejudice the opposing party;' and (4) a less drastic sanction would not substantially achieve the desired deterrent effect." Doe v.

American Airlines, 283 Fed.Appx. 289, 291 (5th Cir. 2008)(unpublished)(quoting Conner, 20 F.3d 1376 at 1380).

In the instant case, the Court is of the opinion that IC has not violated the Court's discovery order; hence, none of the elements for dismissal or other sanctions are met. In its original Motion to Compel, the defendants sought "documents which support your (IC's) claim for damages . . . specifically, but not limited to, any and all bills and invoices evidencing attorneys' fees and expenses incurred." IC was required to comply with the request by this Court's September 22-23, 2009, Orders. Pursuant to the Court's Order, IC produced 111 pages of attorney invoices on December 16, 2009, with redacted portions that IC states were not relevant because those portions were billing invoices for plaintiffs in Eakins not related to the instant suit, i.e. not Harried and Turner. After reviewing the produced invoices, the Court finds that IC complied with the Order.

More importantly, after the defendants filed the instant motion, the Magistrate Judge entered an Order pursuant to Federal Rule of Evidence 502 requiring IC to produce privileged documents related to the defendants "reliance" defense and this Court entered an Order on February 11, 2010, requiring IC to produce certain privileged documents after an in camera review. IC has complied with both of these orders. As a result, the plaintiff has produced the information this Court deems relevant and discoverable.

In regard to the defendants' allegation that IC did not produce attorney invoices or billing information for the Gundlach Lee firm; Glen Beckham of the Upshaw Williams firm; Janet Gilbert of the Sippel Fletcher firm; and, the Harkins Cunningham firm, the Court finds this argument warrantless. IC provided in its Response that those individuals and firms did not work on Harried and Turner's claims prior to the settlement with IC. As a result, the Court finds that IC need not produce attorney invoices or bills relating to those firms because those funds are not recoverable as damages under IC's complaint.

As to the defendants' argument that IC implicitly waived the attorney/client privilege by filing this fraud claim and making the question of "reliance" a central issue in this case, this Court has previously held that this argument is without merit. In this Court's February 11, 2010, Order, the Court stated that "IC has not put at issue the advice or information provided by its own attorneys. As a result, IC has not implicitly waived the attorney client privilege." Therefore, this argument is moot. For the reasons stated herein, the Court finds that the defendants' Motion to Dismiss or Prohibit Illinois Central from Supporting Designated Claims as a Sanction for Discovery Violation Pursuant to Rule 37 is denied.

*2. Plaintiff's Motion to Strike*

Pursuant to Federal Rule 12(f), the court may strike a

pleading or strike "any redundant, immaterial, or scandalous matter" from the pleading. However, "partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts." Augustus v. Board of Public Instruction of Escambia County, Florida, 306 F.2d 862, 868 (5th Cir. 1962). Striking a pleading is "a drastic remedy to be resorted to only when required for the purpose of justice" and "only when the pleading . . . has no possible relation to the controversy." Id.

In the instant case, the defendants' pleading, although denied, does relate to the controversy. However, the privileged attorney invoices attached to the pleading are subject to the Agreed Protective Order entered by the Magistrate Judge on January 7, 2010. Although the instant motion was filed before the protective order was granted by the Court, the parties had agreed to the protective order on December 11, 2009, before IC produced the privileged documents. As a result, the Court finds that the documents were protected by the Order from that point forward. For this reason, the Court finds that the exhibits attached to docket entry number 206 should be sealed to prevent any further disclosure in violation of the protective order.

Further, the Court finds that monetary sanctions against either party are unwarranted. The discovery process in this case

has been long, exhaustive, and burdensome upon both parties and the Court. Sanctions would only serve to prolong this process on the eve of trial.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' Motion to Dismiss or Prohibit Illinois Central from Supporting Designated Claims as a Sanction for Discovery Violation Pursuant to Rule 37 [docket entry no. 205 in 5:06-cv-160] is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's Emergency Motion to Strike Pleadings Which Violate Agreed Protective Order and for Sanctions [docket entry no. 208 in 5:06-cv-160] is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** the exhibits attached to docket entry number 206 be sealed by the District Court Clerk for the Southern District of Mississippi.

**SO ORDERED AND ADJUDGED** this the 22nd day of February 2010.

    s/ David Bramlette

**UNITED STATES DISTRICT JUDGE**