```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION


ILLINOIS CENTRAL RAILROAD COMPANY                          PLAINTIFF

VERSUS                         CIVIL ACTION NO. 5:06-cv-160-DCB-JMR

WILLIE R. HARRIED, a/k/a WILLIAM
ROY HARRIED, AND WILLIAM S. GUY
AND THOMAS W. BROCK                                       DEFENDANTS

CONSOLIDATED WITH

ILLINOIS CENTRAL RAILROAD COMPANY                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:07-cv-18-DCB-JMR

WARREN R. TURNER, WILLIAM S. GUY
AND THOMAS W. BROCK                                       DEFENDANTS
```

**ORDER**

This matter comes before the Court on Defendants William S. Guy and Thomas W. Brock's ("defendants" or "Guy and Brock") Motion in Limine to Exclude Testimony and Other Evidence by Illinois Central With Respect to Reliance [docket entry no. 207]. Having carefully considered said Motion, Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

As the title of their motion suggests, the defendants ask this Court to prohibit the plaintiffs from providing evidence or testimony at trial regarding what information they relied upon when deciding to settle with Defendants William Harried and Warren Turner in <u>Elbert Eakins, et al. v. Illinois Central Railroad Co.</u>, No. 2001-65 (Jefferson County Ct. Miss.) ("<u>Eakins</u>"). The

defendants argue that the plaintiffs placed "reliance" at issue by filing the instant fraud claim; therefore, the plaintiffs implicitly waived their attorney client privilege and cannot now claim the privilege to impede discovery of information related to "reliance."

This argument has been posited by the defendants in two prior motions and this Court found the argument, on both occasions, to be without merit. Inasmuch as the defendants incorporate into their motion the previous briefs on this issue and no new issues of law or fact are raised, the Court finds this motion to be moot.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' Motion in Limine is **MOOT.**

**SO ORDERED AND ADJUDGED** this the 22nd day of February 2010.

                                        s/ David Bramlette
                                        **UNITED STATES DISTRICT JUDGE**