```
                    UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                           WESTERN DIVISION
```

ILLINOIS CENTRAL RAILROAD COMPANY                           PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:06-cv-160-DCB-JMR

WILLIE R. HARRIED, a/k/a WILLIAM
ROY HARRIED, AND WILLIAM S. GUY
AND THOMAS W. BROCK                                        DEFENDANTS

CONSOLIDATED WITH

ILLINOIS CENTRAL RAILROAD COMPANY                           PLAINTIFF

VERSUS                           CIVIL ACTION NO. 5:07-cv-18-DCB-JMR

WARREN R. TURNER, WILLIAM S. GUY
AND THOMAS W. BROCK                                        DEFENDANTS

**ORDER**

This cause comes before the Court on the Plaintiff Illinois Central Railroad Company's ("Illinois Central") Motion for Prejudgment Interest [docket entry no. 252]. Also before the Court is the Defendants William Guy's and Thomas Brock's Motion to File Surreply [docket entry no. 255].[1] Having carefully considered the Motions, Responses, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

This case was presented to a jury on March 8, 2010. The jury returned a verdict for Illinois Central on its claims of fraud and breach of duty of good faith and fair dealing against Defendants William Guy and Thomas Brock ("Guy and Brock"). The jury returned

---

[1] For the Court's convenience, the defendants also filed their surreply memorandum along with the motion.

a verdict against Illinois Central as to its claims of fraud against Defendants Willie Harried and Warren Turner. The jury awarded Illinois Central $210,000.00 in actual damages and $210,000.00 in punitive damages.

On March 11, 2010, Illinois Central filed its motion seeking prejudgment interest on the award of actual damages. Illinois Central argues that because its damages were liquidated and because the jury awarded punitive damages, it is entitled to prejudgment interest pursuant to Mississippi Code § 75-17-1(1). Additionally, Illinois Central argues that prejudgment interest began to accrue when the settlement money was paid to the defendants--December 23, 2002, for the $120,000.00 Warren Turner settlement and November 26, 2003, for the $90,000.00 Willie Harried settlement. Lastly, Illinois Central argues that prejudgment interest accrues at eight percent (8%) annum and should be compounded annually.

In their Response, Guy and Brock concede that prejudgment interest may be awarded. Nonetheless, they argue that under Mississippi Code § 75-17-7, interest does not begin to accrue until the complaint is filed. They also argue that because this case does not involve a sale or contract obligation to pay money with a stated rate of interest as described under § 75-17-7, the interest, if the Court chooses to award interest, should be computed as simple interest with a rate determined by the judge to be fair.

Both Mississippi Code Ann. §§ 75-17-1(1) and 75-17-7 govern an

award of prejudgment interest. In re Guardianship of Duckett, 991 So. 2d 1165, 1180 (Miss. 2008); Estate of Baxter v. Shaw Associates, Inc., 797 So. 2d 396, 404 (Miss. Ct. App. 2001).

Section 75-17-1(1) provides:

> The legal rate of interest on all notes, accounts, and contracts shall be eight percent (8%) per annum, calculated according to the actuarial method . . . .

Section 75-17-7 provides:

> All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.

The trial court has the discretion to award prejudgment interest. Gulf City Seafoods, Inc. v. Oriental Foods, Inc., 986 So. 2d 974, 980 (Miss. Ct. App. 2008). "If prejudgment interest is awarded, there must be a request for such interests [sic] in the pleadings and the claim must have been liquidated when it was originally made." Id. (citation omitted). In a breach of contract case, prejudgment interest is generally awarded from the date of the breach. Estate of Baxter, 797 So. 2d at 403.

Both parties cite Estate of Baxter as authority for their respective positions. In Estate of Baxter, the Mississippi Supreme Court determined for the first time that Mississippi Code § 75-17-1(1) may be used by a trial court to address prejudgment interest "before judgment going back to the date of the damages." 797 So. 2d

3

at 404, 407. As for Mississippi Code § 75-17-7, the Court held that it may be used by the trial court to address the calculation of prejudgment interest "after the suit is filed." Id. The Court also held that the "actuarial method" language in § 75-17-1(1) requires that interest be compounded annually. Id. at 407; see also Stovall v. Illinois Central Gulf Railroad Co., 722 F.2d 190, 192 (5th Cir. 1984).

In the instant case, Illinois Central asserted a breach of the duty of good faith and fair dealing claim and a claim of fraud. Although this case does involve two contracts, the Willie Harried and Warren Turner settlement agreements, Illinois Central did not allege a breach of contract claim against the defendants. Thus, those contracts have no bearing on the calculation of prejudgment interest in this tort action and this cause of action is not founded on a contract pursuant to § 75-17-7. As a result, the Court finds that prejudgment interest began to accrue from the day the amended complaints were filed against Guy and Brock, January 17, 2008, for the Harried settlement and February 4, 2008, for the Turner settlement, until the day of the jury verdict, March 8, 2010. See Gulf City Seafoods, 986 So. 2d at 980 (affirming award of prejudgment interest calculated from the date the complaint was filed); American Fire Protection, Inc. v. Lewis, 653 So. 2d 1387, 1392 (Miss. 1995)(prejudgment interest should have been awarded pursuant to § 75-17-7 from date the complaint was filed).

The amount of actual damages, $210,000.00, is not disputed by either party.[2] Moreover, the actual settlement amounts, $120,000.00 and $90,000.00, were stated in the settlement agreements and Illinois Central requested interest in its pleadings. As a result, those amounts are liquidated. However, the settlement agreements did not provide for a specific interest rate. Thus, this Court must determine the applicable interest rate to apply to the award of prejudgment interest and whether to award simple or compounded interest.

The jury found that Guy and Brock were liable for fraud and breach of the duty of good faith and fair dealing and awarded actual and punitive damages. As a result, pursuant §§ 75-17-1 and 75-17-7, this Court finds that the interest rate is eight percent (8%) to be compounded annually. In re Guardianship of Duckett, 991 So. 2d at 1183 (trial courts have discretion whether to award simple or compounded interest and a principal reason for compounding interest is "to compensate [the injured party] for the time value of money due as damages from the date the claim arises to the date the judgment is entered"); Gulf City Seafoods, 986 So. 2d at 980 (affirming eight percent interest rate pursuant to Mississippi Code § 75-17-1); Cf. Jones v. Parker, 61 So. 2d 681,

---

[2] Guy and Brock disputed at trial that they were liable for damages, arguing that they did not commit fraud or breach their duty of good faith and fair dealing. However, they do not dispute the amount of actual damages because the settlements in question were for $120,000.00 and $90,000.00, which totals $210,000.00.

683 (Miss. 1952) (stating that in cases of fraud, gross negligence or abuse of trust by a guardian, compound interest should be awarded).

In conclusion, the Court finds that prejudgment interest is awarded to Illinois Central at a rate of eight percent (8%) annum to be compounded annually, from January 17, 2008, for the Harried settlement and February 4, 2008, for the Turner settlement, until the day of the jury verdict, March 8, 2010. Thus, Illinois Central is awarded prejudgment interest in the amount of $20,949.76 for the Warren Turner settlement and $16,126.42 for the Willie Harried settlement, yielding prejudgment interest in the amount of $37,076.18.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Illinois Central Railroad Company's Motion for Prejudgment Interest [docket entry no. 252] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants William Guy and Thomas Brock shall pay prejudgment interest to the plaintiff in the amount of $37,076.18.

**IT IS FURTHER ORDERED** that Defendants Motion to File Surreply is **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 24th day of March 2010.

                                        s/ David Bramlette
                                    **UNITED STATES DISTRICT JUDGE**