```
            UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

ILLINOIS CENTRAL RAILROAD COMPANY                           PLAINTIFF

VERSUS                            CIVIL ACTION NO. 5:06cv160-DCB-JMR

WILLIE R. HARRIED, a/k/a WILLIAM ROY
HARRIED, ET AL.                                            DEFENDANTS

## ORDER

Currently pending before the Court is Illinois Central's Motion for Attorney's Fees [docket no. 259] and Supplemental Motion for Attorney' Fees and Costs [docket no. 307].  In those Motions, Illinois Central seeks nearly $1,000,000.00 in attorney fees incurred over the four-year history of this litigation.  Though it submitted lengthy monthly billing records documenting individual billing entries for each timekeeper during that period, the records reflect only the total dollar amounts billed per month but not the total hours.  In other words, the Court is unable to determine, without performing tedious calculation, the number of attorney and paralegal hours for which Illinois Central now seeks to be reimbursed.

Under Mississippi law, which governs the attorney's fee award in this diversity case, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation, multiplied by a reasonable

hourly rate." <u>Gillies v. Gillies</u>, 830 So.2d 640, 645 (Miss. 2002) (quoting <u>Mauck v. Columbus Hotel</u>, 741 So.2d 259, 271 (Miss. 1999) and <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)).  Though Defendants William Guy and Thomas Brock object to the number of hours expended by Illinois Central's attorneys as unreasonable, Guy and Brock did not submit their own attorneys' billing records. Comparison of the number of hours spent by attorneys for both sides in this litigation would be useful to the Court in determining whether Illinois Central's attorneys' hours were reasonable. Accordingly, the Court hereby orders both Illinois Central and Guy and Brock to submit a document reflecting the number of hours expended by its attorneys, per month, on this litigation.[1]  Each document should list, per month, the total dollar amount billed as well as the hours expended, by timekeeper, and should note each timekeeper's title (partner, associate, paralegal, etc.) and billing rate.

    For the foregoing reasons,

    **IT IS HEREBY ORDERED** that Illinois Central and Guy and Brock each submit the document described on or before 19 November, 2010.

    **SO ORDERED** this the 3rd day of November 2010.

                                s/ David Bramlette
                                United States District Judge

---

[1] To the extent that Illinois Central incurred attorneys fees for which it does not seek reimbursement in its Motions, it should list only the hours for which it now seeks reimbursement.