```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

ILLINOIS CENTRAL RAILROAD COMPANY                        PLAINTIFF

VS.                          CIVIL ACTION NO. 5:06-cv-160(DCB)(JMR)

WILLIE R. HARRIED, WARREN R. TURNER,
WILLIAM S. GUY and THOMAS W. BROCK                      DEFENDANTS

                    MEMORANDUM OPINION AND ORDER

   This cause is before the Court on the plaintiff's motion for preliminary and permanent injunction **(docket entry 325)**. Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

   The plaintiff's motion, brought pursuant to the All Writs Act, 28 U.S.C. § 1651(a), seeks an injunction against Willie Harried, Harried's wife Joyce Harried, Harried's counsel Wayne Dowdy, and Dowdy's law firm Dowdy & Cockerham, ordering them to dismiss a lawsuit against Illinois Central Railroad Company, styled <u>Harried v. Forman Perry Watkins Krutz & Tardy, et al.</u>, No. 251-11-54 CIV, in the Circuit Court of Hinds County, Mississippi. Inasmuch as the state court action was removed to the United States District Court for the Southern District of Mississippi, Jackson Division, on February 18, 2011, the plaintiff's motion seeking dismissal of the state court action is moot.

   On July 12, 2011, U.S. District Judge Tom S. Lee dismissed defendants Forman, Perry, Watkins, Krutz & Tardy, LLP, and Daniel

J. Mulholland from the Jackson Division suit.  <u>Harried v. Forman Perry Watkins Krutz & Tardy, et al.</u>, No. 3:11-CV-102, docket entry 19.  On July 25, 2011, the sole remaining defendant, Illinois Central, filed a motion for judgment on the pleadings or, in the alternative, for summary judgment, based on, <u>inter</u> <u>alia</u>, collateral estoppel and res judicata.

   A federal court has the power to enjoin a party from attempting to relitigate the same or related issues precluded by the principles of res judicata and collateral estoppel in another federal court.  <u>New York Life Ins. Co. v. Deshotel</u>, 142 F.3d 873, 879 (5th Cir. 1998).  However, "[t]he powers conferred on a federal court under the All Writs Act must be exercised with caution and restraint."  <u>Peters v. Brants Grocery</u>, 990 F.Supp. 1337, 1342 (M.D. Ala. 1998).  <u>See</u> <u>also</u>  <u>Alabama v. U.S. Army Corps of Engineers</u>, 424 F.3d 1117, 1132 (11th Cir. 2005)(All Writs Act confers "extraordinary powers" that are "firmly circumscribed").  The mere fact that litigation involving the same issues is pending in another forum does not sufficiently threaten the Court's jurisdiction to warrant an injunction under the All Writs Act.  <u>Klay v. United Healthgroup</u>, 376 F.3d 1092, 1103 (11th Cir. 2004).

   Injunctions under the All Writs Act may only issue if adequate remedies at law are unavailable.  <u>Alabama</u>, 424 F.3d at 1132.  "Generally, if a party will have an opportunity to raise its claims in the concurrent federal proceeding ... the concurrent proceeding

is deemed to provide an adequate remedy at law." Id.  Because the issues of collateral estoppel and res judicata are pending before Judge Lee, the Court finds that adequate remedies at law are available to the plaintiff.  Further, based on considerations of comity and the orderly administration of justice, the Court finds that it should defer to the judgment of its sister court.  "When an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases."  Bergh v. State of Washington, 535 F.2d 505, 507 (9th Cir. 1976).  The plaintiff's motion shall therefore be denied.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion for preliminary and permanent injunction **(docket entry 325)** is denied.

SO ORDERED, this the 15th day of August, 2011.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE